THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT A. WARD, Defendant-Appellant.

Fourth District   No. 13833

Opinion filed July 25, 1977.

Richard J. Wilson and John L. Swartz, both of State Appellate Defender's Office, of Springfield, for appellant.

Patrick M. Walsh, State's Attorney, of Decatur (Donald R. Parkinson, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE GREEN delivered the opinion of the court:

After a trial by jury in the Circuit Court of Macon County, defendant Robert A. Ward was convicted of perjury and sentenced to 1 to 5 years' imprisonment. On appeal, he contends that his conviction was barred by collateral estoppel arising out of his acquittal of burglary at a prior trial where the perjury was alleged to have occurred.

At the burglary trial, the jury found defendant guilty but upon post-trial motion the trial judge ordered a new trial stating that he thought that the evidence was too weak to support the verdict. The State does not dispute defendant's contention that the effect of this order was to acquit the defendant. (Ill. Rev. Stat. 1975, ch. 38, par. 3—4(a)(1); *People v. Woodall* (1975), 61 Ill. 2d 60, 329 N.E.2d 203.) The portion of defendant's testimony at the burglary trial alleged to be perjury was his statements that at the time of the alleged burglary, he did not park his car by the house where the burglary was alleged to have occurred or leave his car and walk up to or enter the house and that at no time did he enter the garage of that house without authority or steal a tire or wheel therein.

The evidence in the two trials was substantially the same except that defendant testified only in the burglary trial. The portions of that testimony claimed to be false were read to the jury in the perjury trial. The evidence in both trials showed that the garage alleged to be burglarized was owned by Bonnie Marshall and lay under the north end of her house. On October 11, 1975, two Mickey Thompson tires mounted on mag wheels, which belonged to Mrs. Marshall's son Richard, and which had been in the garage on the previous day, were found to be missing. Defendant had been given authority neither to enter the garage nor to take the tires. Evidence was presented showing that defendant had been at the house next door that day and knew of the existence of the tires. The major portion of the prosecution's case was the testimony of Mrs. Marshall's 17-year-old daughter, Rhonda. She testified that while looking out an upstairs window in the Marshall house that day she saw defendant step from an otherwise unoccupied car in front of the house and walk downhill on the north side of the house along a driveway toward the house. Next she heard a door to the garage open and heard someone rummaging in the garage. Looking out another window, she then saw defendant walk back up the driveway to his car, move the car a little to the south and then walk back on the south side of the house away from the driveway, pick up a tire, carry it back to his car, put the tire in the back seat of the car and drive away.

■■ The doctrine of collateral estoppel claimed by defendant evolved from a series of cases culminating in *Ashe v. Swenson* (1970), 397 U.S. 436, 25 L. Ed. 2d 469, 90 S. Ct. 1189. There three gunmen robbed six persons who were playing poker. An accused who had previously been acquitted of robbing one of the victims was tried and convicted of robbing another of the victims. Both trials were in the same State court. Ultimately, the United States Supreme Court set aside the conviction. The majority opinion discussed the history of the application of collateral estoppel to criminal cases. The court concluded that under the evidence in the first case, a rational jury could have acquitted the accused only by determining that the prosecution did not prove beyond a reasonable doubt that he was one of the robbers. The court then pronounced the rule to be that when a prior acquittal can only rationally have resulted from a particular determination of a particular issue, the prosecution is estopped from seeking a different determination of that issue in a subsequent prosecution of the same accused. The rule was described as being an element of the Fifth Amendment protection against double jeopardy and applicable to State prosecutions under the ruling of *Benton v. Maryland* (1969), 395 U.S. 784, 23 L. Ed. 2d 707, 89 S. Ct. 2056. The State concedes that the doctrine is applicable to acquittals arising from court orders as well as jury verdicts.

■■ Application of the *Ashe* doctrine of collateral estoppel to the case on appeal would prevent defendant's conviction if, in acquitting him in the burglary case, the trial judge must rationally have determined that the evidence was insufficient to prove beyond a reasonable doubt that defendant did any of the following on October 11, 1975; (1) parked his car by the Marshall's house, (2) left the car and walked up to the house, (3) entered the garage or (4) stole a tire or wheel from the garage. In the burglary trial, defense counsel argued forcefully that the tire Rhonda Marshall testified to having seen defendant put in the back seat of his car could not have been one of the missing tires because those tires were too big to have been put in the back seat of that car. Defense evidence of the difficulty of putting smaller tires in that back seat supported this argument. Proof that a Mickey Thompson tire was stolen was important because proof that a theft has been committed after entry into a building is evidence that the entry was accomplished with the specific intent to commit that offense. (*People v. Franceschini* (1960), 20 Ill. 2d 126, 169 N.E.2d 244.) Absent this proof, the court could have concluded that any entry made was not proved to have been accompanied by the required intent for burglary. Accordingly, the trial judge could rationally have entered the order of acquittal in the burglary case without determining that defendant did not enter the premises of the Marshall house and

without determining that defendant did not enter the garage without authority. Thus the State was not estopped from proving the falsity of defendant's statements that he did not enter the premises or the garage. The judgment appealed is affirmed.

Affirmed.

REARDON and KUNCE, JJ., concur.