(No. 49941 )

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. ROBERT A. WARD, Appellant.

*Opinion filed September 19, 1978.*

Richard J. Wilson, Deputy Defender, of the Office of

the State Appellate Defender, of Springfield (Edward R. Green and John L. Swartz, Assistant Defenders, of counsel), for appellant.

William J. Scott, Attorney General, of Springfield (Donald B. Mackay and Gerri Papushkewych, Assistant Attorneys General, of Springfield), for appellee.

MR. CHIEF JUSTICE WARD delivered the opinion of the court:

The defendant, Robert Ward, was found guilty of perjury after a jury trial in the circuit court of Macon County. The appellate court affirmed his conviction (50 Ill. App. 3d 885), and we granted his petition for leave to appeal (58 Ill. 2d R. 315). His contention is that his prosecution had been barred under the doctrine of collateral estoppel.

The defendant had been previously tried and found guilty of burglary. The trial court, however, granted his motion for a new trial on the ground that the evidence had been insufficient to support the jury's verdict. The case was not retried and the charge was later dismissed. The State acknowledges that the effect of the order for a new trial was to bar another prosecution on the burglary charge. (See Ill. Rev. Stat. 1975, ch. 38, par. 3—4(a)(1); *People v. Woodall* (1975), 61 Ill. 2d 60.) The prosecutor then secured an indictment of the defendant for perjury, which was founded upon answers he had given to several questions on direct examination while testifying at his burglary trial.

The burglary prosecution was by way of criminal information and it charged that the defendant had knowingly and without authority entered the garage of the house of the Marshall family in Decatur on October 11, 1975, with the intent to commit a theft. The State at trial introduced evidence to show that two "Mickey Thompson

tires with mag wheels" had been stolen. As has been noted above, the trial judge found the State had failed to establish its case. The perjury indictment, following generally the language of the perjury statute, charged that the defendant, on direct examination at his burglary trial, made as answers false statements material to the issue while under oath, which he did not believe to be true:

> "Q: And, okay, and then you left his house going around the corner, went south [on] Upton Lane, and went out. Did you stop at any time there by Marshall's house?
>
> A: No.
>
> Q: Did you see Rhonda Marshall at that time?
>
> A: No.
>
> Q: Did you get out of your car for any purpose other than to go to McMann's door? [The McMann house was next to the Marshall house.]
>
> A: No.
>
> Q: You didn't go to Marshall's house?
>
> A: No.
>
> Q: At any time during that day, or any other day, did you, without authority, enter Marshall's garage on 3310 Upton Lane and steal a tire or a tire wheel or anything else?
>
> A: No."

The only issue is the validity of the defendant's contention that the State was barred from prosecuting him for perjury under the doctrine of collateral estoppel. He acknowledges that there are circumstances under which one may be prosecuted for perjury regardless of his having been acquitted in a trial at which he gave the allegedly perjurious testimony (see *People v. Niles* (1920), 295 Ill. 525, 530), but he says that the prosecution was barred here by section 3—4(b)(2) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 3—4(b)(2)). That section provides:

> "(b) A prosecution is barred if the defendant was formerly prosecuted for a different offense, or for the

same offense based upon different facts, if such former prosecution:

\*\*\*

(2) Was terminated by a final order or judgment, even if entered before trial, which required a determination inconsistent with any fact necessary to a conviction in the subsequent prosecution; \*\*\*."

Was the burglary prosecution terminated by a final order which required a determination inconsistent with the facts which would be necessary for the defendant's conviction here on a charge of perjury?

This court in *People v. Borchers* (1977), 67 Ill. 2d 578, 582-84, considered the doctrine of collateral estoppel at length:

"This court recently discussed collateral estoppel in *People v. Williams* (1975), 59 Ill. 2d 557, 560-62:

'The doctrine of collateral estoppel, which bars relitigation of a decided question, applies to criminal as well as civil proceedings. (*People v. Grayson,* 58 Ill. 2d 260; *People v. Armstrong,* 56 Ill. 2d 159; *People v. Haran,* 27 Ill. 2d 229, 232.) This was noted in *Ashe v. Swenson,* 397 U.S. 436, 25 L. Ed. 2d 469, 475, 90 S. Ct. 1189, where, in the course of describing the doctrine, the court said:

" 'Collateral estoppel' is an awkward phrase, but it stands for an extremely important principle in our adversary system of justice. It means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit. \*\*\*"

\*\*\*

This court noted in *People v. Haran*, 27 Ill. 2d 229, 231, that the doctrine of collateral estoppel was "well defined" in *Hoffman v. Hoffman*, 330 Ill. 413. There it was said:

"Where some controlling fact or question material to the determination of both causes has been adjudicated in the former suit by a court of competent jurisdiction and the same fact or question is again at issue between the same parties, its adjudication in the first cause will, if properly presented, be conclusive of the same question in the later suit, irrespective of the question whether the cause of action is the same in both suits or not. \*\*\* [I]t must appear by the record of the prior suit that the particular controversy sought to be construed was necessarily tried and determined,— that is, if the record of the former trial shows that the verdict could not have been rendered without deciding the particular matter it will be considered as having settled that matter as to all further actions between the parties; \*\*\*." 330 Ill. 413, 417.'

There are at times problems presented in seeking to apply the doctrine of collateral estoppel in criminal cases; it is sometimes difficult to determine what facts were actually adjudicated by the former verdict. (See *People v. Haran* (1963), 27 Ill. 2d 229, 235.) Where the prosecution has had to prove several elements, a verdict of acquittal does not inform as to the basis for the jury's verdict. But the difficulties of application are not, of course, insuperable. This was

384

illustrated by the Supreme Court in *Ashe v. Swenson* (1970), 397 U.S. 436, 444, 25 L. Ed. 2d 469, 475-76, 90 S. Ct. 1189, 1194:

'The federal decisions have made clear that the rule of collateral estoppel in criminal cases is not to be applied with the hyper-technical and archaic approach of a 19th century pleading book, but with realism and rationality. Where a previous judgment of acquittal was based upon a general verdict, as is usually the case, this approach requires a court to "examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration." The inquiry "must be set in a practical frame and viewed with an eye to all the circumstances of the proceedings." *Sealfon v. United States,* 332 U.S. 575, 579. Any test more technically restrictive would, of course, simply amount to a rejection of the rule of collateral estoppel in criminal proceedings, at least in every case where the first judgment was based upon a general verdict of acquittal.' "

After examining the record in accordance with what was said in *Borchers,* we have no doubt that the order allowing a new trial was founded on the trial court's conviction that the prosecution had not proved burglary beyond a reasonable doubt, and, further, that this conclusion of the trial court required a determination which would be inconsistent with and contradictory to the facts which the prosecution would have to establish to prove the defendant guilty of perjury. In its comments at the time of

granting the motion for a new trial the trial court observed that burglary would be committed by entering with the intent to commit a theft. The court proceeded to deprecate the prosecution's evidence as unconvincing. It stated that the "evidence is shot full of holes. *** The case was a bad case. It was a bad case from the start. The evidence is so unsatisfactory that even a verdict cannot stand in the face of it." The court stated that its impression was that the jurors probably took a position that they didn't know what the defendant was guilty of, but that he was guilty of something. The trial court then remarked that guilt must be established beyond a reasonable doubt and that the defendant's guilt was not established.

The indictment charging perjury must be considered as really an effort to relitigate the burglary charge when examined, as the law requires, with "realism" and not in a hypertechnical sense. The questions and answers set out in the perjury indictment were certainly material to the issue of the defendant's guilt or innocence of burglary. Set in "a practical frame" (*Ashe v. Swenson* (1970), 397 U.S. 436, 444, 25 L. Ed. 2d 469, 476, 90 S. Ct. 1189, 1194) this question and answer were critical to the question of guilt or innocence on the burglary charge:

"Q: At any time during that day, or any other day, did you, without authority, enter Marshall's garage on 3310 Upton Lane and steal a tire or a tire wheel or anything else?
A: No."

The trial court's ordering of a new trial on the ground that the evidence was insufficient to convict required a determination that the defendant did not enter the Marshall's garage intending to steal as the information had charged. This determination would be inconsistent with and contradictory to proof that the defendant testified falsely when he gave the exculpatory answers set out in the

indictment for perjury. The doctrine of collateral estoppel was invocable by the defendant to bar the relitigation of what was a decided question, *viz*, the burglary charge. The State seeks to elude this conclusion, but it is on a ground that we consider unrealistic and hypertechnical. The State speculates that the trial court at the burglary trial may have considered that the defendant did in fact enter the Marshall garage, but formed an intent to commit a theft only after he had entered. Thus, it is contended that the defendant technically was not guilty of burglary but collateral estoppel is not available to him as a bar to prosecution for perjury. This reasoning is forced. As was observed above: "The inquiry 'must be set in a practical frame and viewed with an eye to all the circumstances of the proceedings.' *Sealfon v. United States,* 332 U.S. 575, 579." *Ashe v. Swenson* (1970), 397 U.S. 436, 444, 25 L. Ed. 2d 469, 476, 90 S. Ct. 1189, 1194.

The prosecution of the defendant for perjury was barred under the doctrine of collateral estoppel and under section 3–4(b)(2) of the Criminal Code of 1961.

For the reasons given, the judgments of the circuit and appellate courts are reversed.

*Judgments reversed.*