THE PEOPLE *ex rel.* BERNARD CAREY, State's Attorney of Cook County, Plaintiff-Appellee, *v.* 1975 MERCEDES 4-DOOR, Serial No. 11511412 005952 (Charles Chadbourn, Titleholder), Defendant-Appellant.

First District (2nd Division) · No. 79-2062

Opinion filed July 22, 1980.

Alan D. Blumenthal, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Paul P. Biebel, Jr., Solomon Slotky, and Michael F. Baccash, Assistant State's Attorneys, of counsel), for appellee.

Mr. JUSTICE DOWNING delivered the opinion of the court:

The State brought this *in rem* action for forfeiture of Charles Chadbourn's 1975 Mercedes-Benz automobile pursuant to article 36 of the Criminal Code (Ill. Rev. Stat. 1975, ch. 38, par. 36—1 *et seq.*) (the Act). After a bench trial the circuit court found the vehicle was used in the delivery of a controlled substance. Forfeiture was ordered. On appeal Chadbourn asks this court to consider (1) whether the instant facts amount to an illegal use, and (2) whether the instant forfeiture is violative of due process.

The parties stipulated to the following facts. Chadbourn, a physician, was the subject of a six-month undercover investigation which culminated in his arrest for delivery of a controlled substance, glutethimide. Prior to his arrest, Chadbourn engaged in seven sales of the substance to Agent John Bertulis of the Illinois Bureau of Investigation (IBI). Each of those transactions were conducted within Chadbourn's office. The eighth transaction involved a significantly larger amount of the drug.[1] Agent Bertulis suggested and Chadbourn agreed that this transaction

---

[1] The first seven transactions consisted of two $4 purchases, a $9 purchase, two $8 purchases, a $40 purchase, and a $122 purchase. The eighth transaction involved a $390 purchase.

would occur outside the doctor's office. Chadbourn also agreed to use his car's trunk as a temporary depository for the drug prior to the sale.

On June 10, 1976, Bertulis called Chadbourn to confirm the location of the sale. Bertulis and another agent went to Chadbourn's office and then accompanied the doctor to the office parking lot where the Mercedes was parked. Chadbourn removed the drugs from his car's trunk and delivered them to the agents. He was arrested and the car was seized. After a separate jury trial Chadbourn was found guilty of delivery of a controlled substance notwithstanding his affirmative defense of entrapment. The State then commenced this forfeiture proceeding.

## I.

Chadbourn contends that forfeiture is inappropriate under the Act where the "use" of the vehicle has been suggested by the State. He claims the only purpose the car had in the drug sale was to allow the IBI agents to videotape the transaction. This purpose, he concludes, removes the transaction and therefore his car from the scope of the Act.[2] Chadbourn's argument is without merit for two reasons.

First, the record discloses the State's intention to videotape the sale was only one reason, "among other reasons," for suggesting Chadbourn make delivery from his car. The trial court concluded that Chadbourn agreed to use the car to accommodate his customer as part of the bargain and sale of the controlled substance. The record supports this conclusion. Second, even if we ignore the parties' purposes, the trial court did not err when it concluded the use of the vehicle fell within the scope of the statute. The record shows the car was an integral, constituent part of the offense arising from the sale transaction. Forfeiture is proper where the State proves the vehicle was used in the commission of an offense by a preponderance of evidence. (*People ex rel. Hanrahan v. One 1965 Oldsmobile* (1972), 52 Ill. 2d 37, 44, 284 N.E.2d 646, *rev'd on other grounds per curiam sub nom. Robinson v. Hanrahan* (1972), 409 U.S. 38, 39, 34 L. Ed. 2d 47, 93 S. Ct. 30; Ill. Rev. Stat. 1975, ch. 38, par. 36—2.) Therefore, the car's use at the time of seizure subjects it to forfeiture. *People ex rel. Hanrahan v. One 1965 Oldsmobile; cf. United States v. One 1974 Cadillac Eldorado Sedan* (2d Cir. 1977), 548 F.2d 421, 425-26 (mere transportation of trafficker to drug sale negotiation meeting subjects vehicle to forfeiture under "use" provision of similar Federal forfeiture statute).

---

[2] The Act provides, *inter alia*, that a seized vehicle may be forfeited if the State proves the vehicle was "used in the commission" of an enumerated offense. (Ill. Rev. Stat. 1975, ch. 38, par. 36—2.) The verb "use" has been defined: "to put into action or service: have ° ° ° enjoyment of: employ ° ° °." Webster's Third New International Dictionary 2523 (1976).

## II.

Chadbourn also claims that forfeiture of the Mercedes under the instant facts violates his right to due process.[3] He cites *United States v. Twigg* (3d Cir. 1978), 588 F.2d 373, as his sole authority. That case is inapposite. In *Twigg*, a divided court examined police conduct which it characterized as "so overreaching as to bar prosecution of the defendants as a matter of due process of law." (588 F.2d 373, 377.) A review of the instant record reveals no such State conduct. The State's involvement here was limited to a buyer who suggested the situs of a sale. Chadbourn, however, supplied *both* the drugs for sale and the vehicle used during delivery. The trial court was correct when it found the record failed to show any "overreaching" conduct. In accordance with the views expressed above the forfeiture order of the circuit court of Cook County is affirmed.

Affirmed.

STAMOS and HARTMAN, JJ., concur.

---

[3] Chadbourn suggests that the use of the car and hence its forfeiture was accomplished by State entrapment. His entrapment defense was rejected by the jury during his criminal trial for delivery of a controlled substance. He is therefore collaterally estopped from raising that defense here. See *People v. Ward* (1978), 72 Ill. 2d 379, 382-83, 381 N.E.2d 256.