THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PATRICK FOLEY, Defendant-Appellant.

Second District   No. 2—86—0137

Opinion filed February 12, 1987.

John F. Donahue, of Oak Brook, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers and Dale M. Wood, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE INGLIS delivered the opinion of the court:

Defendant, Patrick Foley, appeals a jury verdict which found him not guilty of driving with blood-alcohol concentration in excess of .10% (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501(a)(1)), but guilty of driving under the influence of alcohol (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501(a)(2)). Defendant claims the verdicts are inconsistent and were the result of confusion on the part of the jury.

Defendant was arrested April 8, 1984, by a Downers Grove police officer. He was taken to the police station where he voluntarily submitted to a breathalyzer examination. Subsequently, an officer handed defendant a ticket which indicated a blood-alcohol reading of .16. Defendant was later charged by complaint with the offenses named.

At the close of the evidence, the court instructed the jury on the propositions the State had to prove to sustain each charge. Defense counsel stated that he had no objection to any specific instruction but objected generally to the two charges being tried together, since the similarity in the elements of each offense would tend to confuse the jury and produce inconsistent verdicts.

As noted, the jury proceeded to find defendant not guilty of driving with a blood-alcohol concentration greater than .10% but guilty of driving under the influence of alcohol. Defendant filed a motion for a new trial in which he claimed that the verdicts were inconsistent and

the result of confusion on the part of the jury. The court denied the motion and defendant appeals.

The State initially argues that defendant has waived consideration of the issue that the verdicts are legally inconsistent. The State alleges that defense counsel's objection to the instructions was ambiguous, as counsel did not object to any particular instruction. Further, in his motion for a new trial, defendant argued that the verdicts were logically inconsistent, but did not mention legal inconsistency.

■■ We think the issue is adequately preserved. Defendant does not object to the instructions on appeal but challenges only the allegedly inconsistent verdicts. Obviously, a challenge to the verdicts would have been premature until the verdicts were rendered. After the verdicts were rendered, the only means of challenging them was by filing a post-trial motion, which defendant did. The motion stated the factual basis for the objection. In his motion, defendant noted that, by finding him not guilty under section 11—501(a)(1), the jury must have found that defendant's blood-alcohol concentration was less than .10%, yet it must have considered this evidence in finding him guilty of driving under the influence of alcohol under section 11—501(a)(2). This is the same theory defendant argues on appeal. The purpose of the waiver rule is to ensure that the trial court is presented with all issues which might be used as the basis for a reversal on appeal. Although not naming the proper legal theory, defendant's post-trial motion presented to the trial court the same factual basis for overturning his conviction which he now presents on appeal.

■■ ■ Although properly preserved for review, we find defendant's issues to be without merit. Verdicts are legally inconsistent when they necessarily involve a conclusion that the same essential element or elements of each offense were found both to exist and not to exist. (*People v. Munday* (1985), 134 Ill. App. 3d 971, 975, 481 N.E.2d 338.) Where verdicts inconsistently acquit and convict of separate crimes arising from the same act, logical consistency is not required as long as the verdicts are legally consistent. (*People v. Frias* (1983), 99 Ill. 2d 193, 198-99, 457 N.E.2d 1233; *People v. Hairston* (1970), 46 Ill. 2d 348, 361-62, 263 N.E.2d 840, *cert. denied* (1971), 402 U.S. 972, 29 L. Ed. 2d 136, 91 S. Ct. 1658.) Furthermore, no legal inconsistency exists in verdicts of acquittal and conviction upon charges which are composed of different elements, but arise out of the same set of facts. (46 Ill. 2d 348, 362, 263 N.E.2d 840.) In *People v. Munday* (1985), 134 Ill. App. 3d 971, 975, 481 N.E.2d 338, defendant argued that jury verdicts of guilty of residential burglary based on intent to rape and not guilty of attempted rape were legally inconsistent since

they involved a finding that defendant's intent to rape both did and did not exist. The appellate court noted that it had to determine whether the jury could have grounded its verdict on some other basis. The court found that the verdicts could have been based on compromise, an exercise of lenity, or even jury confusion, but declined to speculate as long as there was a plausible alternative basis for the verdicts. (134 Ill. App. 3d 971, 976-77, 481 N.E.2d 338.) The court affirmed the conviction. 134 Ill. App. 3d 971, 978, 481 N.E.2d 338.

In the present case, defendant argues that "whereas on the one hand, the jury disregarded the .16 reading when it found the Defendant not guilty under section 11—501(a)(1), when given the instructions to consider *all* the evidence, there is a significant likelihood that the jury took the breathalyzer reading of .16 into consideration in finding the Defendant guilty under section 11—501(a)(2)." Defendant points to no basis for this conclusion other than the verdicts themselves. As in *Munday*, the verdicts could have been based on compromise or an exercise of lenity. In addition, defendant presented some evidence which tended to indicate that the breathalyzer reading was inaccurate. Thus, the jury might have disregarded it entirely, yet still found sufficient other evidence to find defendant guilty of driving under the influence of alcohol. The arresting officer, for example, testified that he detected the odor of alcohol on defendant's breath, that defendant's eyes were bloodshot, that he had trouble producing his driver's license, and that he did not perform well on the field sobriety tests. The testimony of the arresting officer alone is sufficient to sustain a conviction for driving under the influence of alcohol. (*People v. Fowler* (1981), 98 Ill. App. 3d 202, 204, 423 N.E.2d 1356.) There was sufficient evidence to find defendant guilty of driving under the influence of alcohol even if the jury completely disregarded the breathalyzer result.

Similarly, defendant was not prejudiced by jury confusion. Defendant cites *People v. Graven* (1984), 124 Ill. App. 3d 990, 464 N.E.2d 1132, and *People v. Malik* (1983), 113 Ill. App. 3d 206, 446 N.E.2d 931, in support of his position. In both cases, the concern was that the jury was confused by an instruction which stated that the breathalyzer result operated as a mandatory presumption under section 11—501(a)(1) but as a permissive presumption under section 11—501(a)(2). (*People v. Graven* (1984), 124 Ill. App. 3d 990, 996, 464 N.E.2d 1132; *People v. Malik* (1983), 113 Ill. App. 3d 206, 211, 446 N.E.2d 931.) That instruction was not given in the present case, and we have already concluded that the verdicts could have been based on the result of other factors. Like the *Munday* court, we will not specu-

late as to possible rationales for the jury's verdicts. We merely hold that the verdicts were not legally inconsistent and do not appear to be the result of jury confusion. Therefore, defendant's conviction for driving under the influence of alcohol is affirmed.

Affirmed.

LINDBERG, P.J., and NASH, J., concur.