THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN J. HESTER, Defendant-Appellant.

Second District    No. 79-663

Opinion filed September 16, 1980.

Dann Duff, of Loftus, Riggs & Redmond, and Ken Poris, of Breen & Lucas, both of Addison, for appellant.

F. Michael Fitzsimmons, State's Attorney, of Wheaton (Robert T. Thompson, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE VAN DEUSEN delivered the opinion of the court:

Defendant, John J. Hester, appeals from his conviction of driving while under the influence of intoxicating liquor in violation of section 11—501 of the Illinois Vehicle Code (Ill. Rev. Stat. 1977, ch. 95½, par. 11—501). After the jury returned a guilty verdict on June 22, 1979, defendant was fined $500, given one year probation and 30 days periodic imprisonment to be served on weekends.

On June 7, 1978, at approximately 1:10 p.m., defendant was involved in an automobile collision. It was a clear day. Defendant was driving a red, one-half ton Chevrolet pickup truck and traveling in an easterly direction on Ogden Avenue in Naperville, Illinois. Ogden is a four-lane highway, i.e., there are two lanes for each direction of traffic. As defendant approached the intersection of Ogden and River Road, he attempted to make a left turn north onto River Road. His car and one traveling westbound on Ogden in the innermost lane collided. In turn, the westbound car collided with a third car which was facing in a southerly direction on River Road where it was stopped for the red light. River Road is a two-lane highway, i.e., one lane for each direction.

Officer Eurkaitis, a Naperville police officer, arrived at the scene of the accident and questioned defendant. The officer testified that it took defendant a little longer than normal to produce his driver's license and that, when he asked defendant in what direction defendant had been traveling, defendant stated eastbound but pointed to the west. The officer observed that defendant's manner of walk was unsure, and defendant's speech was slurred and thick-tongued. Officer Eurkaitis also detected a faint smell of alcohol on defendant's breath. The officer therefore had defendant perform several of the physical coordination tests typically conducted upon an individual whom a police officer suspects is driving while intoxicated. Defendant performed these tests successfully, albeit slowly and hesitantly. Based upon years of experience and observation of hundreds of intoxicated individuals, Officer Eurkaitis opined that defendant was intoxicated and arrested him.

At the Naperville Police Station, defendant performed additional coordination tasks and his actions, though slow, were again successful. Thereafter, defendant's breath was chemically analyzed. The breath tests were administered by Officer David Senneke, a certified operator of the breathalyzer machine. Officer Senneke testified as to his qualifications

and the procedures he used in conducting the tests. The procedures he used were in compliance with the standards developed and adopted by the Illinois Department of Public Health and Superintendent of State Police. (See Ill. Rev. Stat. 1977, ch. 95½, par. 11—501.1(b).) The results of two tests performed on defendant showed that defendant had .15% and .17% alcohol in his blood. Under section 11—501 of the Illinois Vehicle Code, where .10% or more alcohol is found in the bloodstream, a presumption of intoxication arises (Ill. Rev. Stat. 1977, ch. 95½, par. 11—501(c) 3), and defendant thereafter carries the burden of producing evidence in his favor sufficient to rebut that presumption.

Defendant's sole contention on this appeal is that the breath test results were improperly admitted into evidence. More specifically, defendant avers that the trial judge committed reversible error when he received into evidence a page from an instrument log book to establish that the breathalyzer machine was accurate and in proper working order.

Before breath test results may be received in evidence, a proper foundation must be established. The proof necessary to establish a proper foundation includes, *inter alia*, "[e]vidence that the machine used * * * was tested regularly for accuracy, and was working properly." (*People v. Winfield* (1975), 30 Ill. App. 3d 668, 672.) In the case before us, the trial judge admitted the log book into evidence, under the business records exception to the hearsay rule, for the limited purpose of fulfilling the aforesaid foundation requirement. Under Illinois Department of Public Health Rule 7.01 (Rule 7.01 of the Standards and Procedures for Blood Alcohol Testing by Breath and Blood Analysis), every 30 days, a Department of Public Health inspector must perform maintenance tests on the breathalyzer to ensure that it is working accurately. The log book page admitted into evidence contained results of maintenance tests performed by Department of Public Health inspector, T. Miller, on June 2, 1978, five days before the breathalyzer was used to measure the amount of alcohol in defendant Hester's blood, and on July 2, 1978. The log indicated that the breathalyzer machine was in proper working condition on both occasions. Before receiving the log book page into evidence, however, the judge heard Officer Senneke's testimony interpreting the log book notations. Officer Senneke stated that the log revealed that "T. Miller" tested the machine with a simulated solution of .15 content, using an ampoule out of the No. 9 batch; the reading on the purge state was 888 and at the sample state 000; and the test result came out to be .15. Officer Senneke testified that such a result indicated the machine's reading was the same as the simulated alcohol content. The officer was not present during the inspections and had no knowledge, other than the log book itself, as to the procedures utilized by T. Miller in administering the maintenance tests.

In his brief, defendant contends that the log book page should not

have been admitted because it does not qualify as a business record; that even if it was a business record, Officer Senneke was not competent to interpret the notations in the log book and that proper authentication would require personal knowledge by the testifying officer as to the procedures used by T. Miller and recognition of the signature in the log book to be the authentic signature of a "T. Miller" employed by the Department of Public Health. Defendant also submits that evidence, other than by Officer Senneke's testimony, should have been offered to prove that T. Miller complied with proper testing procedures. The State contends that the log book page qualifies as either a business record or public record and is therefore admissible.

■■ This case is one of first impression. Between the time the briefs in this appeal were filed and the date upon which oral argument was heard, the Appellate Court for the First District decided the case of *People v. Black* (1980), 84 Ill. App. 3d 1050. In light of that decision, we find that the page from the instrument log book at issue qualifies as a public document and was therefore admissible under the public records exception to the hearsay rule. We therefore hold that the trial judge did not err when he received the log book page into evidence and the fact that he admitted the log as a business record rather than a public document is immaterial since a trial court's decision may be upheld where it is proper even if the reason is erroneous. *Hall v. Humphrey-Lake Corp.* (1975), 29 Ill. App. 3d 956, 962.

In the *Black* case, the court found a decal affixed to a breathalyzer machine to be a public document and therefore admissible. (84 Ill. App. 3d 1050, 1053.) The court relied, in part, upon *People v. Fair* (1965), 61 Ill. App. 2d 360, 366, wherein decalcomania on a scale inspected by the Department of Agriculture was deemed to constitute a public document and was therefore admissible as an exception to the hearsay rule. The court in *Black* did not require that the decal itself be offered but rather permitted the testifying officer, based upon his personal knowledge of the decal's contents, to establish the inspection and accuracy of that machine. The court reasoned that producing the decal itself would have been difficult: The bulkiness of the equipment made it impractical to produce it and removing the decal would have left the machine unusable for other breath tests required in the interim. (84 Ill. App. 3d 1050, 1053.) The court stated, "Because the information carried by the decal was so sparse—merely that the machine had been certified accurate by the department upon a certain date—the officer's ability to recall the entire tenor of the certifying decal made it acceptable to use the testimony of his personal knowledge of the decal to prove what the document said. [Citations.]" (84 Ill. App. 3d 1050, 1053.) The testifying officer in *Black* had personal knowledge only as to the contents of the decal itself and not as to

the procedures used by the inspector who affixed the decal to the machine.

At oral argument in the present case, defendant asserted that, had T. Miller left some official document as did the inspector in *Black*, *e.g.*, an official seal or the certificate which is required under Rule 7.01, it would have been sufficient to constitute a public document and would have been admissible under the public documents exception to the hearsay rule. Defendant argued that the log book page may not be a substitute for a certified decal, and therefore was inadmissible as a public record.

We do not agree with defendant and find the log book page to be no less a public document than a decal or certificate.

■■ ■ In order for a document to be deemed a public or an official record, such record must be required by statute or authorized to be maintained by the nature of the office and must evidence those matters which are properly required to be maintained and recorded therein. (*Lombard Park District v. Chicago Title & Trust Co.* (1969), 105 Ill. App. 2d 371, 378-79.) Rule 7.01 not only requires the inspector to record the results of the maintenance tests in a certificate, but the Rule also requires the inspector to record the results in the instrument log book. Thus, while the log book entries are not in the form of a seal, decal or certificate, they are nevertheless made pursuant to an official duty and therefore qualify as an official document. Moreover, under *Black*, personal knowledge, as to the events and procedures summarized in the log, is not required of the testifying officer.

■■ We therefore hold that, in lieu of a decal or certificate, a page from the instrument log book is admissible to satisfy a foundation requirement requisite to the admission of breath test results into evidence, namely, that the breathalyzer was properly tested for accuracy and in proper working condition. Accordingly, we affirm the judgment of the Du Page County Circuit Court, Eighteenth Judicial Circuit.

Affirmed.

SEIDENFELD, P. J., and WOODWARD, J., concur.