THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v* EDWARD J. MALIK, Defendant-Appellant.

Fourth District    No. 4—82—0481

Opinion filed March 9, 1983.

Charles McRae Leonhard, of Allen & Korkowski & Associates, of Rantoul, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Robert J. Biderman and John M. Wood, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:

This case concerns section 11—501 of the Illinois Vehicle Code (Ill.

Rev. Stat. 1981, ch. 95½, par. 11—501), which provides that one who drives a motor vehicle in this State shall be guilty of a Class A misdemeanor if one drives while (1) having an "alcohol concentration" of the breath or blood of .10 or more as defined in section 11—501.2 of the Act (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501.2), or (2) being under the influence of alcohol. Section 11—501.2(a)5 states:

> "Alcohol concentration shall mean either grams of alcohol per 100 milliliters of blood or grams of alcohol per 210 liters of breath."

Defendant, Edward J. Malik, appeals (1) judgments of convictions of both the foregoing offenses entered June 10, 1982, after a jury trial in the circuit court of Champaign County, and (2) concurrent sentences of 120 days' imprisonment imposed July 15, 1982, for those convictions. He asserts: (1) the court erred in instructing the jury as to a purported presumption concerning the driving under the influence charge; (2) the evidence was insufficient to prove the driving with a .10 or greater concentration of alcohol charge; (3) the issues instruction as to the latter charge was faulty; (4) the court erred in refusing to sever the two charges for trial; and (5) the court abused its discretion in imposing such a severe sentence.

The defendant also maintains that the conviction and sentence for driving with an impermissible concentration of alcohol cannot stand if the other conviction stands. Both offenses arose from the same act. (*People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838.) The State agrees that both convictions cannot stand. However, for reasons stated later we deem it appropriate to set aside the driving under the influence conviction and let the other conviction stand. Both offenses are Class A misdemeanors. As we also explain later, we conclude that neither side will be prejudiced by this result.

The evidence at trial was not in serious dispute. A police officer testified to seeing defendant driving a vehicle on a city street at 8:20 p.m. on March 3, 1982. The vehicle did not have its headlights on. As the vehicle entered a grocery store parking lot, the officer approached the vehicle. The officer testified that as the defendant alighted from the vehicle, defendant's pants were unzipped and hanging about his waist in a disheveled manner and as defendant left his car, he lost his balance. Defendant testified he slipped because of ice underfoot. When the officer asked defendant for his driver's license, defendant was unable to produce it from his billfold, although, according to the officer, defendant passed it several times in shuffling through his papers. The officer described defendant's speech as slurred and stated that defendant again lost his balance when he was placed under arrest

and told to put his hands on the top of the squad car.

Defendant was taken to a police station where, upon climbing some steps, he fell into a snowbank. Subsequently, defendant agreed to submit to a breathalyzer test which was administered at 9:18 p.m. by a licensed breathalyzer operator. The results of the tests indicated that defendant had a level of .20 concentration of alcohol in his blood at the time of the test. Defendant admitted that since 4:10 p.m. that afternoon he had consumed between eight and 11 ten-ounce cans of beer and two or more mugs of beer at fairly evenly spaced intervals.

Defendant's first claim of error concerns section 11—501.2(b) of the Illinois Vehicle Code which, at all times pertinent, stated:

"Upon the trial of any *** criminal action *** arising out of acts alleged to have been committed by any person while driving *** a vehicle while under the influence of alcohol, the concentration of alcohol in the person's blood or breath at the time alleged as shown by analysis of the person's *** breath *** shall give rise to the following presumptions;

* * *

(3) If there was at that time an alcohol concentration of 0.10 or more, it shall be presumed that the person was under the influence of alcohol." Ill. Rev. Stat. 1981, ch. 95½, par. 11—501.2(b).

Over objection by the defendant the court instructed the jury as follows:

"With respect to the charge of Driving Under the Influence of Alcohol, if you find beyond a reasonable doubt that the amount of alcohol in the defendant's blood as shown by a chemical analysis of his breath was .10 percent or more by weight of alcohol, you shall presume that the defendant was under the influence of alcohol."

The instruction was in the form of Illinois Pattern Jury Instruction, Criminal, No. 23.06 (2d ed. 1981). It differed from that instruction only in that it required the amount of alcohol in the blood to be found "beyond a reasonable doubt" while the pattern instruction only requires that the jury "find" the required amount.

Asserting it was a proper instruction concerning the presumption of section 11—501.2(b), defendant tendered and the court refused the following instruction:

"If you find beyond a reasonable doubt that the concentration of alcohol in the defendant's breath while driving a vehicle was .10 grams of alcohol per 210 liters of breath or more you may infer that the defendant was under the influence of alcohol.

You never are required to make this inference. It is for the jury to determine whether the inference should be drawn. The inference is not alone sufficient to prove beyond a reasonable doubt that the defendant was under the influence of alcohol.

You may take into consideration any other evidence in determining whether or not the defendant was under the influence of alcohol."

■ An analysis of the application of presumptions and inferences in criminal cases has been made by the United States Supreme Court in *Sandstrom v. Montana* (1979), 442 U.S. 510, 61 L. Ed. 2d 39, 99 S. Ct. 2450, and *County Court v. Allen* (1979), 442 U.S. 140, 60 L. Ed. 2d 777, 99 S. Ct. 2213, and by the Illinois Supreme Court in *People v. Housby* (1981), 84 Ill. 2d 415, 420 N.E.2d 151. We need not repeat that analysis here. The parties agree that the presumption of section 11—501.2(b) is intended to be and can only be justified as a permissive presumption. However, the first paragraph of the given instruction informs the jury it "shall presume" the defendant was intoxicated if the defendant was shown to have the required concentration of alcohol in his breath or blood. This conforms to the statutory language, but implies a mandatory presumption.

The second paragraph of the given instruction does indicate that the presumption is permissive. However, the contradiction between the two paragraphs raises at least a close question as to whether the jury might be so confused as to think the presumption was either mandatory or such as to place a burden on the defendant to prove his sobriety. *Sandstrom.*

The tendered instruction also is of questionable accuracy in that it does not require the jury to find that the concentration of .10 or more alcohol occurred at the time the defendant was driving. Section 11—501.2(b) clearly states that the presumption (1) is to be offered in a trial of a criminal action "*** arising out of acts *alleged* to have been committed by any person while driving *** a vehicle," (2) concerns the concentration of alcohol "at the *time alleged*," and (3) arises if the concentration of .10 or more existed "at *that time*." (Emphasis added.) Ill. Rev. Stat. 1981, ch. 95½, par. 11—501.2(b).

As to both points in which we have questioned the given instruction, it conformed to IPI Criminal No. 23.06. Rather than pass upon the propriety of that instruction, we choose to set aside the conviction for the offense to which the instruction was addressed and to let stand the conviction for driving while having a concentration of alcohol of .10 or more.

The question of the sufficiency of the evidence to support the con-

viction we let stand centers upon the connection between the results of the breathalyzer test and the condition of defendant's breath and blood at the time he was driving. Defendant refers to a recognized text on forensic medicine which addresses the problems involved in making that connection. The text states:

"If, on the other hand, the event occurred during the period of absorption, the blood alcohol content determined even less than an hour later may be found to be much higher than that at the time of the event. The amount of difference will depend on the time between the drinking, the event, and the test. If the event occurred very shortly after drinking and the test some time later, the difference will be greatest. For example, if a driver is involved in an accident about fifteen minutes after drinking and is tested about forty-five minutes later, the alcohol content of his blood at the time of testing may be more than twice as great as that existing at the time of the accident. A valid estimation of the blood alcohol content prevailing at the time of an event can be made from a subsequent chemical test only if knowledge as to when the drinking occurred justifies it." 4 Gray, Attorney's Textbook of Medicine par. 133.24 (3d ed. 1982).

■ The evidence here showed that approximately one hour had elapsed between the time defendant was driving and the time of the test. By his own admission, defendant had been drinking alcoholic beverages in some quantity over a four-hour period prior to his last act of driving which occurred just prior to his arrest. The test results indicated that at the time of his testing he had twice the alcoholic content permissible for him to have had at the time of driving. The evidence of defendant's intoxication at the time he was driving was substantial. That evidence would corroborate a theory that he had a somewhat similar alcohol concentration when driving as he did one hour later. The evidence was sufficient for the jury to have found beyond a reasonable doubt that the defendant had at least a .10 concentration of alcohol at the time of his driving.

The form of the issues instruction as to the offense of driving with an alcohol concentration of .10 or more was a matter of contention at trial. For the first time, on appeal the question is raised as to whether the instruction inadvertently told the jury that it should find the defendant guilty if "any one" of the propositions required to be proved by the State had been proved beyond a reasonable doubt. Indisputably, all of the propositions had to be proved in order to prove defendant's guilt. The record originally filed contained only the copies

of the tendered instructions. The report of proceedings indicates that the instruction given was designated "Court's Instruction #1." With the copies of the instructions in the common law record is an instruction designated as "Court's Instruction #1." The document contains the disputed language, *i.e.*, "any one."

■ However, at our direction, the record has been supplemented by documents certified by the clerk as the given instructions. The instructions do not have any indication on the margin to show that they were given as is required by section 67 of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 67), now section 2—1107 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1107). Nevertheless, we conclude that the documents certified contain the given instructions. The only issues instruction in the group on the charge in question is in the form of the "Court's Instruction #1." This instruction is the same as that referred to, except that where the words "any one" appeared in the copy those words have been removed and in a spot whiter than the rest of the page appears the word "each." We thus conclude that the instruction given to the jury was in proper form.

■ There was no merit in the motion for severance at the time it was made. The offenses arose out of the same act and involved the same proof. Although neither is an included offense of the other, the evidence could be such that a trier of fact would find that the accused had a .10 concentration of alcohol at the time he was driving, but was not under the influence of alcohol. The trier of fact would then be rejecting the permissive presumption we have discussed, yet find the defendant guilty of the other charge. The charges should logically be tried together.

■ A more serious question is presented as to whether, assuming *arguendo* that the instruction given on the presumption was error, that error tainted the guilty verdict on the driving with a .10 or greater concentration of alcohol charge. We conclude that it did not. The instruction clearly stated that it was applicable to the driving under the influence charge. By its very terms, the presumption was not of aid to the proof of the other charge. The prosecutor clearly told the jury in closing argument that the charges were separate. The jury was clearly instructed that proof of the existence of a .10 concentration of alcohol *at the time of driving* was necessary to prove the charge based upon the existence of the alcohol concentration.

The case differs from *People v. Edwards* (1976), 63 Ill. 2d 134, 345 N.E.2d 496, cited by defendant. There, a defendant charged with robbery and armed robbery was also tried at the same time for unlaw-

ful use of weapons. Proof of the latter offense required proof of a prior conviction. As the practice at that time required proof of the prior conviction to be made to the jury, the supreme court held that denial of a severance was error because of the prejudice to the defendant as to the robbery charges due to the proof of the prior conviction. Here, no evidence was presented on the driving under the influence charge which was prejudicial to defendant's defense of the other charge.

■ We reject defendant's request that his sentence be reduced or that the case be remanded for resentencing. The evidence at sentencing showed that defendant had been convicted of driving under the influence of alcohol in 1969 and of reckless driving in 1977 without any incarceration being imposed as punishment. Part of his 1977 sentence for reckless driving required that he attend a school for persons who had problems with alcohol. After defendant's completion of that course, the institution running the course issued a report containing a diagnosis that his condition was only fair. Although incarceration would disrupt the defendant's life and place hardship on his family, the court did not abuse its discretion in imposing a sentence more severe than that which had been insufficient in the past from deterring defendant. *People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541.

■ The reversal of defendant's conviction for driving under the influence of alcohol does not require resentencing. The trial court stated that it recognized that one or the other of defendant's convictions would have to be set aside. The court refused to do so because, considering the newness of section 11—501 which provides for the two offenses charged, the court deemed a court of review to be the appropriate court to make that decision. The case differs from *People v. Bone* (1982), 103 Ill. App. 3d 1066, 432 N.E.2d 329, and *People v. Davis* (1981), 95 Ill. App. 3d 161, 419 N.E.2d 682, where the reviewing court could not tell whether a sentence was imposed upon the basis of an additional conviction of the defendant which was later set aside.

Defendant's conviction for driving while having an alcohol concentration of .10 or more and the sentence imposed thereon are affirmed. Defendant's conviction of the offense of driving under the influence of alcohol and the sentence imposed thereon are reversed.

Affirmed in part, reversed in part.

WEBBER, P.J., and TRAPP, J., concur.