(No. 57428.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. DAVID C. ZILTZ, Appellee.

*Opinion filed October 4, 1983.*

Neil F. Hartigan, Attorney General, of Springfield (Michael B. Weinstein, Darrell Panethiere, and Jack Donatelli, Assistant Attorneys General), of Chicago, for the People.

John F. Donahue, of Oak Brook, and George Bakalis, of Civinelli, Bakalis & Culliton, of Bloomingdale, for appellee.

JUSTICE CLARK delivered the opinion of the court:

Defendant, David Ziltz, was arrested on May 16, 1982, and charged with operating a motor vehicle with a blood alcohol concentration in excess of 0.10, a statutory offense in Illinois (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501(a)(1)). A second count charged the defendant with driving under the influence of alcohol (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501(a)(2)). On September

21, 1982, the defendant filed a motion to dismiss count I on the grounds that the statute is unconstitutional because it calls for a presumption of guilt on the part of the defendant. The circuit court of Du Page County granted defendant's motion to dismiss count I, and a direct appeal to this court was taken pursuant to Supreme Court Rule 302(a) (87 Ill. 2d R. 302(a)).

Section 11—501 of the Illinois Vehicle Code provides in pertinent part:

"(a) A person shall not drive or be in actual physical control of any vehicle within this State while:
1. The alcohol concentration in such person's blood or breath is 0.10 or more based on the definition of blood and breath units in Section 11—501.2;
2. Under the influence of alcohol; ***." Ill. Rev. Stat. 1981, ch. 95½, par. 11—501.

Three issues are presented on appeal: (1) whether the defendant has standing, (2) whether the issue is ripe for judicial determination, and (3) whether the trial court erred in holding that the statute is unconstitutional.

We turn now to the issue of standing. At first blush, it appears that the defendant clearly has standing because he is a member of a class of persons, automobile drivers, affected by the quoted statute. However, the State bases its argument on the application of the statute to a hypothetical situation. The State argues that since the defendant was not prosecuted under the presumptions section of section 11—501.2(b), he does not have standing to challenge the constitutionality of the statute. We find this argument to be without merit, because a defendant has standing to challenge the validity of a statute if he or she has sustained, or is in the immediate danger of sustaining, some direct injury as a result of enforcement of the statute. *People v. Mayberry* (1976), 63 Ill. 2d 1, 8; *Walker v. State Board of Elections* (1976), 65 Ill. 2d 543, 550-51.

The next issue raised in this appeal is whether the statute is ripe for judicial determination. The State argues that

the challenge to the statute is premature and that the damages are too speculative to adjudicate at the present time. A controversy is ripe when it has reached the point where the facts permit an intelligent and useful decision to be made. (*Werner v. Illinois Central R.R. Co.* (1942), 379 Ill. 559, 565.) In the case at bar, the defendant has been arrested and charged with a criminal offense. The facts have been presented to this court, and there is no need to speculate as to harm the defendant will suffer if convicted. The case is clearly ripe for judicial determination.

The trial court found that section 11—501(a)(1) (count I) was unconstitutional because it violated defendant's right to due process (due process guarantees of fifth amendment made applicable to the States by the fourteenth amendment) (U.S. Const., amends. V, XIV) by creating a mandatory presumption of guilt on the part of the defendant and by shifting the burden of persuasion to the defendant to establish innocence. The trial court denied the motion to dismiss as to count II.

Section 11—501(a)(1) incorporates the definition of blood and breath units found in section 11—501.2(a) of the same act, and the trial court read subsection (b) of section 11—501.2, which applies, the State contends, to the offense of driving while under the influence of alcohol, into section 11—501(a)(1). Section 11—501.2(b) provides for certain presumptions when the alcohol concentration is at a stated percentage. Ill. Rev. Stat. 1981, ch. 95½, par. 11—501.2(b).

The State argues, and we agree, that the trial court erred in reading the inappropriate subsection into an otherwise valid and constitutional statute.

The obvious legislative intent in enacting section 11—501(a)(1) was to impose a strict liability on drivers found to be impaired by an alcohol concentrate of 0.10% or above. Defendant argues, and the State admits, that holding the driving of a motor vehicle with more than 0.10% concentrate is an offense by itself does away with all necessity for

the State to show impairment. The legislature has made the determination that driving with an alcohol concentrate of 0.10 or above does constitute impairment. The State has a rational basis for curbing the incidence of drunk driving, and the Illinois statute is a reasonable means of promoting that interest. (*Roberts v. State* (Fla. 1976), 329 So. 2d 296, 297.) The statute is no more arbitrary than statutes setting maximum speed limits and is a reasonable exercise of the police power vested in the State. *State v. Franco* (1982), 96 Wash. 2d 816, 825-26, 639 P.2d 1320, 1325.

When the State has proved that the defendant was operating the vehicle and his blood alcohol concentrate was over 0.10%, there are no presumptions or inferences, and the statutory violations have been proved. Subsections (b)(3) and (b)(4) of section 11—501.2 (Ill. Rev. Stat. 1981, ch. 95½, pars. 11—501.2(b)(3), (4)) relate only to the statutory offense of driving while under the influence of alcohol, which is defined in section 11—501(a)(2), not in section 11—501(a)(1). Here we are dealing with a charge of driving with a blood alcohol level over 0.10%, which has nothing to do with the separate statutory offense of driving under the influence of alcohol.

We do not agree with defendant's contention that the statute violates due process because it shifts the burden of proof from the State to the defendant. Under section 11—501(a)(1), the State still has the burden of proving the essential elements of its case. The State must establish that the defendant was in exclusive control of the vehicle and had a level of alcohol in excess of 0.10% in his blood. If the State did not meet this burden of proof, count I would be dismissed.

The term "burden of proof" includes both the burden of producing evidence and the burden of persuading the trier of fact. (*Franciscan Sisters Health Care Corp. v. Dean* (1983), 95 Ill. 2d 452.) The burden of persuasion does not shift but remains with the party that had the benefit of the

presumption. (*Diederich v. Walters* (1976), 65 Ill. 2d 95, 100-03.) In the case at bar, the State will always have the burden of proving the elements of its case. This is consistent with the standards set down by the United States Supreme Court in *Sandstrom v. Montana* (1979), 442 U.S. 510, 61 L. Ed. 2d 39, 99 S. Ct. 2450. The *Sandstrom* court held that a presumption that has the effect of shifting the burden of persuasion to the defendant is unconstitutional. That is not being attempted in the case at bar, because the State must still persuade the trier of fact that the defendant was operating a motor vehicle and had a blood alcohol content in excess of 0.10%.

Illinois courts have consistently rejected constitutional attacks on the drunk-driving statute. (*People v. Seefeldt* (1983), 112 Ill. App. 3d 106. *People v. Malik* (1983), 113 Ill. App. 3d 206.) Many other jurisdictions have held that a blood alcohol content in excess of 0.10% is a *per se* violation of the State drunk-driving statute. (See, *e.g., State v. Torrey* (1978), 32 Or. App. 439, 574 P.2d 1138; *State v. Basinger* (1976), 30 N.C. App. 45, 226 S.E.2d 216; *Coxe v. State* (Del. 1971), 281 A.2d 606; *Greaves v. State* (Utah 1974), 528 P.2d 805; *State v. Ball* (W. Va. 1980), 264 S.E.2d 844.) We therefore conclude that the Illinois statute does not violate constitutional guarantees of due process.

The judgment of the circuit court of Du Page County is reversed, and the cause remanded for further proceedings.

*Reversed and remanded.*