THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JAMES R. HOOD, Defendant-Appellant.

Fourth District   No. 4—90—0534

Opinion filed March 14, 1991.

S. John Muller, of Charleston, for appellant.

Nancy Owen, State's Attorney, of Charleston (Kenneth R. Boyle, Robert J. Biderman, and Dale M. Wood, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

On September 15, 1989, defendant James R. Hood was arrested for driving under the influence of alcohol (DUI) (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501(a)(2)) and driving with a blood-alcohol concentration (BAC) of 0.10 or more. (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501(a)(1).) Following a jury trial, defendant was found guilty of driving with a BAC of 0.10 or more but not guilty of DUI. Defendant appeals his conviction of driving with a BAC of 0.10 or more contending that (1) the jury verdicts are "obviously inconsistent in law, fact and reason" and (2) the jury instructions given on the BAC charge and section 11—501(a)(1) of the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501(a)(1)) "are at variance, vague, and confusing and very likely deprive defendant of a fair trial." We dis-

agree with defendant and affirm his conviction for driving with a BAC of 0.10 or more.

On September 14, 1989, at approximately midnight, defendant was stopped by two Coles County police officers on Route 16 just outside Charleston, Illinois. The police officers observed defendant swerving in his lane and also observed defendant cross the center line six times. Both officers believed defendant was driving while under the influence of alcohol.

After defendant was stopped, he was given three field-sobriety tests, two of which he failed. The police officers detected the odor of alcohol on defendant's breath and noticed defendant could not maintain his balance. The police officers testified defendant had trouble locating his driver's license in his wallet and passed it over several times before offering it to the officers.

Defendant was placed under arrest for DUI and transported to the Coles County jail. A breathalyzer test was given to defendant, and it showed defendant's BAC to be 0.18. After the results of this test were known, defendant was also charged with driving with a BAC of 0.10 or more.

At the trial, the jury viewed a videotape of defendant's "booking." This tape showed defendant's actions and appearance on the night he was arrested. Specifically, this tape revealed defendant acted hostile and belligerent when he refused to return a ticket mistakenly issued by the police officer. One of the officers had written the wrong name on the ticket and had set it aside to be thrown away. Defendant took this ticket off the police officer's desk and refused to give it back when asked to do so. Only after the police threatened to physically retrieve the ticket from defendant did he return it. The jury also heard testimony from four police officers who all stated they believed defendant to be under the influence of alcohol that night. The police officers also testified defendant refused to use the telephone at the police station to get a ride home, but rather walked five blocks to a pay telephone.

Defendant produced several witnesses who were with him prior to his arrest. Defendant had attended a meeting at the VFW Post in Charleston that night. The meeting lasted from 7 p.m. to 10 p.m. Defendant testified he had one beer before the meeting and four beers between 10 p.m. and midnight. Defendant's witnesses testified defendant was not drunk that night. The most any one witness saw defendant drink was two beers; however, none of the witnesses were with defendant the whole evening and none of the witnesses saw defendant between 11:30 p.m. and midnight.

The jury acquitted defendant of DUI but convicted him of driving with a BAC of 0.10 or more. Defendant appeals that conviction contending the jury verdicts are inconsistent, thus requiring reversal of the conviction. The State responds, first, that defendant has waived this issue and, second, that if the issue is not deemed waived, the verdicts are not inconsistent so that reversal of defendant's conviction is required.

■■ Supreme Court Rule 341(e)(7) provides that an appellant's brief must contain "the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Furthermore, if a point is not argued, it is waived and cannot be raised in a reply brief, oral argument or petition for rehearing. (134 Ill. 2d R. 341(e)(7).) The well-established rule is that mere contentions, without argument or citation of authority, do not merit consideration on appeal. (*Fuller v. Justice* (1983), 117 Ill. App. 3d 933, 453 N.E.2d 1133.) Contentions supported by some argument but by absolutely no authority do not meet the requirements of Supreme Court Rule 341(e)(7). (*In re Marriage of Drummond* (1987), 156 Ill. App. 3d 672, 509 N.E.2d 707.) A reviewing court is entitled to have the issues clearly defined with pertinent authority cited and is not simply a depository into which the appealing party may dump the burden of argument and research. *Holliday v. Civil Service Comm'n* (1984), 121 Ill. App. 3d 763, 460 N.E.2d 358.

The only authority cited in defendant's brief consists of the DUI statute, a general reference to the American Law Reports (ALR), and a reference to a Georgia case within the cited annotation of the ALR. We are not given the name of the Georgia case. Defendant's argument for reversal of his conviction appears to be that the jury verdicts are logically inconsistent although (as will be discussed below) the law in Illinois allows verdicts to be logically inconsistent as long as they are legally consistent. This argument is based on defendant's interpretation of the Illinois DUI statutes. However, inasmuch as defendant fails to cite any interpretation of the statutes by Illinois courts, although there are several cases on point, and offers minimal argument in support of his position, we would be justified in considering this point waived.

■■ Nevertheless, we will address defendant's argument because we conclude these verdicts are not legally inconsistent. Where verdicts inconsistently acquit and convict of separate crimes arising from the same act, logical consistency in verdicts is not necessary, so long as the verdicts are not legally inconsistent. (*People v. Hairston* (1970), 46 Ill. 2d 348, 362, 263 N.E.2d 840, 849.) Legally inconsistent verdicts

are verdicts where the same essential element of each crime is found to exist and not to exist and both crimes arise out of the same set of facts. Legally inconsistent verdicts are invalid and the conviction must be reversed. (*People v. Sandy* (1989), 188 Ill. App. 3d 833, 845, 544 N.E.2d 1248, 1255.) Where the two legally inconsistent verdicts are guilty and not guilty, a retrial of the offense from which the defendant was convicted is barred by the principle of collateral estoppel. *People v. Munday* (1985), 134 Ill. App. 3d 971, 975, 481 N.E.2d 338, 341.

Defendant argues the jury found the same element of both offenses to exist and not to exist, thus producing inconsistent verdicts. The necessary elements for a conviction for driving with a BAC of 0.10 or more are (1) the driving of a motor vehicle and (2) a BAC of 0.10 or more. The necessary elements for a conviction of DUI are (1) the driving of a motor vehicle and (2) the defendant being under the influence of alcohol. (*People v. Graven* (1984), 124 Ill. App. 3d 990, 995, 464 N.E.2d 1132, 1135-36; Ill. Rev. Stat. 1987, ch. 95½, pars. 11—501(a)(1), (a)(2).) Section 11—501.2(b)(3) of the Code provides:

"If *** at [the] time [a person drove a motor vehicle that person had] an alcohol concentration of 0.10 or more, it shall be presumed that the person was under the influence of alcohol." (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.2(b)(3).)

Defendant argues that since the jury found him guilty of the BAC charge, his BAC was greater than 0.10 and thus he was presumed to be under the influence of alcohol. However, because the jury acquitted him of the DUI charge, it found him not to be under the influence of alcohol. Thus, according to defendant, the jury found the same element both to exist and not to exist.

This argument was rejected in *People v. Caruso* (1990), 201 Ill. App. 3d 930, 559 N.E.2d 545. There, as in the instant case, defendant was convicted of driving with a BAC of 0.10 or more but acquitted of DUI. Similar to this case, defendant in *Caruso* contended on appeal that these verdicts were legally inconsistent. The court rejected this argument, relying primarily on *People v. Ziltz* (1983), 98 Ill. 2d 38, 455 N.E.2d 70.

In *Ziltz*, the court stated the offense of driving with a BAC of 0.10 or more is a separate, statutory offense from DUI. (*Ziltz*, 98 Ill. 2d at 43, 455 N.E.2d at 72.) When the State establishes that a defendant operated a motor vehicle while his BAC was 0.10 or more, the statutory violations have been proved. (*Ziltz*, 98 Ill. 2d at 43, 455 N.E.2d at 72.) Further, the court stated the presumption of section 11—501.2(b)(3) of the Code only applies to the statutory offense of

DUI and not to the offense of driving with a BAC of 0.10 or more. *Ziltz*, 98 Ill. 2d at 43, 455 N.E.2d at 72.

Relying on these principles, as well as the fact that the State does not have to prove a defendant drove with a BAC of 0.10 or more to prove a defendant drove while under the influence of alcohol (*People v. Foley* (1987), 152 Ill. App. 3d 354, 504 N.E.2d 254), the court in *Caruso* found the verdicts of guilty of driving with a BAC of 0.10 or more but not guilty of DUI were not legally inconsistent. That court found the guilty verdict was not premised on the nonexistence of an element in the not guilty verdict. *Caruso*, 201 Ill. App. 3d at 937, 559 N.E.2d at 550.

■ We agree with the reasoning of the court in *Caruso*. Once the State proved defendant operated a motor vehicle and his BAC was 0.10 or more, the State met its burden of proof to convict defendant under section 11—501(a)(1) of the Code. The presumption of section 11—501.2(b)(3) did not apply to the BAC charge. Moreover, the presumption set forth in that section is a *permissive* presumption. (*People v. Hester* (1989), 131 Ill. 2d 91, 544 N.E.2d 797; *Graven*, 124 Ill. App. 3d 990, 464 N.E.2d 1132; *People v. Malik* (1983), 113 Ill. App. 3d 206, 446 N.E.2d 931.) The jury was properly instructed that it could infer that defendant was under the influence of alcohol because his BAC was 0.10 or more but it was not required to draw that inference. (*People v. Elliott* (1986), 143 Ill. App. 3d 72, 492 N.E.2d 946.) Indeed, as this court noted, the evidence could be such that a trier of fact could find defendant had a BAC of 0.10 or more but not be under the influence of alcohol. In that situation, the trier of fact would then be rejecting the permissive presumption and finding defendant guilty of the BAC charge. *Malik*, 113 Ill. App. 3d at 213, 446 N.E.2d at 936.

Defendant's second argument is that the jury instructions given at the trial are inconsistent with the statute regarding the presumptions a trier of fact may employ when given the results of chemical tests relating to the level of alcohol in a person. (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.2(b).) Defendant argues these erroneous instructions confused the jury and deprived him of a fair trial.

■■ ■ The general rule is that the failure to object at trial to an asserted error in jury instructions waives the question, and that no party may raise on appeal the failure to give an instruction unless he tendered it at trial. (*People v. Huckstead* (1982), 91 Ill. 2d 536, 440 N.E.2d 1248; *People v. Tannenbaum* (1980), 82 Ill. 2d 177, 415 N.E.2d 1027.) Issues not raised in a post-trial motion following a jury trial are effectively waived for appellate review. Furthermore, both a trial objection and a written post-trial motion raising the issue are required

for alleged errors that could have been raised during trial. (*People v. Enoch* (1988), 122 Ill. 2d 176, 522 N.E.2d 1124.) The waiver rule is not absolute, and a limited exception for plain error exists in Supreme Court Rule 615(a). (134 Ill. 2d R. 615(a).) Supreme Court Rule 451(c) (134 Ill. 2d R. 451(c)) also allows an exception to the waiver rule for "substantial defects" or "if the interests of justice require." This exception applies only to correct serious or grave errors, cases that are factually close, or cases in which the error threatens the fundamental fairness of the defendant's trial. *People v. Burns* (1986), 144 Ill. App. 3d 345, 355-56, 494 N.E.2d 872, 880.

▇ Defendant did not object to any of the jury instructions submitted at the trial, nor did he proffer any of his own instructions. Furthermore, defendant did not raise this issue in his post-trial motion to set aside the verdict. Illinois Pattern Jury Instruction, Criminal, No. 23.06 (2d ed. Supp. 1989) has been determined to not fairly state the law and, thus, a trial court is authorized to modify that instruction. (*Hester*, 131 Ill. 2d at 103, 544 N.E.2d at 803.) The trial judge in the instant case did precisely that to insure the instruction did fairly state the law. The trial judge informed the jury of the presumptions as set forth by section 11–501.2(b) of the Code, but further instructed the jury that they were not required to make any of these presumptions. In fact, the jury instruction given in the present case has been used in several other cases. (See *Hester*, 131 Ill. 2d 91, 544 N.E.2d 797; *Elliott*, 143 Ill. App. 3d 72, 492 N.E.2d 946; *Malik*, 113 Ill. App. 3d 206, 446 N.E.2d 931.) Thus, the jury instruction tendered at the trial was not at variance with the statute as the trial judge properly modified the instruction to conform to the law. In any event, because defendant failed to object to the instruction at trial and failed to raise the issue in his post-trial motion, and since no exception to the waiver rule applies, defendant has waived the issue.

For the foregoing reasons, we affirm defendant's conviction of driving with a BAC of 0.10 or more.

Affirmed.

SPITZ and KNECHT, JJ., concur.