THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT A. BOUGHTON, Defendant-Appellant.

Fourth District   No. 4—94—0290

Opinion filed December 23, 1994.—Rehearing denied January 25, 1995.

GREEN, J., specially concurring.

Anthony E. Novak, of Anthony Novak & Associates, of Urbana, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Norbert J. Goetten, Robert J. Biderman, and James Majors, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

Following a jury trial conducted in the circuit court of Champaign County, defendant Robert A. Boughton was found guilty of driving with a blood-alcohol concentration (BAC) of 0.10 or more. (Ill. Rev. Stat. 1991, ch. 95$^1$/$_2$, par. 11—501(a)(1).) Defendant was sentenced to conditional discharge for 15 months.

On review, the issues are whether (1) evidence of defendant's performance in field sobriety tests and his lack of impairment was relevant and was erroneously excluded; (2) there was proper foundation for the admission of the breathalyzer test results; and (3) defendant was proved guilty beyond a reasonable doubt. We agree with defendant as to issue (2) and reverse and remand. Only facts necessary to an understanding of this disposition will be summarized.

■ A breathalyzer test given to defendant at 2:09 a.m. on November 28, 1993, indicated a 0.11 BAC. As a result of the granting of the State's motion *in limine*, defendant was denied an opportunity to introduce into evidence the fact that he was given a field sobriety test moments after he was observed driving at 1:10 a.m., and that his performance in those tests was good. Although defendant's attorney

indicated an intention to introduce such evidence, no offer of proof was made. The defendant now argues such evidence was relevant and should have been admitted. This issue is waived, however, because the defendant did not make an offer of proof as to the results of the field sobriety test. See *People v. Green* (1983), 118 Ill. App. 3d 227, 234, 454 N.E.2d 792, 797; *People v. Gordon* (1980), 82 Ill. App. 3d 906, 914, 403 N.E.2d 570, 576.

Even had the issue not been waived, defendant would not prevail on the merits. A motion *in limine* is addressed to the trial court's discretion, and a ruling to grant or deny a motion *in limine* will not be overturned on appeal in the absence of an abuse of discretion. (*People v. Escobar* (1988), 168 Ill. App. 3d 30, 43, 522 N.E.2d 191, 199.) Evidence is relevant if it has any tendency to make the existence of any fact of consequence to the case more or less probable than it would be without such evidence. (*People v. Patterson* (1992), 154 Ill. 2d 414, 461, 610 N.E.2d 16, 37; *People v. Johnson* (1986), 114 Ill. 2d 170, 193, 499 N.E.2d 1355, 1365.) Section 11—501(a)(1) of the Illinois Vehicle Code (Ill. Rev. Stat. 1991, ch. 95¹/₂, par. 11—501(a)(1)) creates an offense for driving with a BAC of 0.10 or more and eliminates any need for the State to prove impairment or intoxication. (*People v. Ziltz* (1983), 98 Ill. 2d 38, 42-43, 455 N.E.2d 70, 72.) Evidence that defendant may have performed field sobriety tests does not tend to make more or less probable the fact the breathalyzer test results were inaccurate. Such evidence is not relevant when the only offense charged is driving with a BAC in violation of section 11—501(a)(1). Defendant has not established an abuse of discretion on the part of the trial court in granting the State's motion *in limine*.

■ The next issue is whether there was a proper foundation for the admission of the breathalyzer test results obtained by the test given November 28, 1993. The log book indicated that on November 12, 1993, and December 21, 1993, inspector Rick Bright of the Illinois Department of Public Health inspected the breathalyzer and certified it was working properly and adequately. However, the log book also indicated that on December 13, 1993, Bright took the machine out of service for repairs. Defendant argues that since Bright did not testify at trial as to the reason for or the nature of the repairs, the State had failed to establish a proper foundation for the admission into evidence of the breathalyzer test results.

Both parties agree that, as part of the foundation for the admissibility of breathalyzer test results, the State must show the breathalyzer was tested and certified within 45 days of its use in testing defendant. (*People v. Orth* (1988), 124 Ill. 2d 326, 340, 530 N.E.2d 210, 216-17; *People v. Caruso* (1990), 201 Ill. App. 3d 930, 941,

559 N.E.2d 545, 553; 77 Ill. Adm. Code § 510.100(a) (1985).) The parties also agreed that the police officer's testimony about the inspection of the breathalyzer may be documented by introduction into evidence of the instrument logbook, which is a public or official record. (*Caruso*, 201 Ill. App. 3d at 941, 559 N.E.2d at 553; *People v. Thomas* (1990), 200 Ill. App. 3d 268, 281, 558 N.E.2d 656, 665-66; *People v. Hester* (1980), 88 Ill. App. 3d 391, 394-95, 410 N.E.2d 638, 640-41.) Defendant also noted that the breathalyzer must be examined and certified by an inspector after being repaired or recalibrated. 77 Ill. Adm. Code § 510.100(b)(2) (1985).

Since the State has the burden of showing the breathalyzer was tested and certified within 45 days of its use in testing defendant, it is consistent to require the State to prove the repair of December 13, 1993, did not concern the accuracy of the test on November 28, 1993. To place this burden upon the State is not unfair and the defendant's assertion of error is correct.

■ Finally, the evidence at trial was sufficient for the trier of fact to conclude that defendant was guilty beyond a reasonable doubt. We are not making a finding as to defendant's guilt or innocence, but rather our consideration of the sufficiency of the evidence admitted at trial will remove the risk of subjecting defendant to double jeopardy. See *People v. Taylor* (1979), 76 Ill. 2d 289, 391 N.E.2d 366; *People v. Pruitt* (1988), 165 Ill. App. 3d 947, 954, 520 N.E.2d 867, 872.

The judgment of the circuit court of Champaign County is reversed. The cause is remanded for new trial.

Reversed and remanded.

KNECHT, P.J., concurs.

JUSTICE GREEN, specially concurring:

I concur in the decision to reverse and remand. I agree that further foundation testimony was necessary to introduce the breathalyzer test results. I do not agree that testimony that defendant performed well on field sobriety tests at the time of his arrest was not relevant to his defense to the *per se* offense charged.

Circumstantial evidence of the impaired behavior of an accused close to the time of driving is material evidence of the BAC of the accused at that time. (*People v. Kappas* (1983), 120 Ill. App. 3d 123, 128-29, 458 N.E.2d 140, 143-44; *People v. Malik* (1983), 113 Ill. App. 3d 206, 212, 446 N.E.2d 931, 935.) Logically, evidence of lack of impairment in performing standard tests for intoxication is also relevant evidence of a relatively low BAC of an accused at the time. If a

proper offer of proof was made in regard to this evidence, the circuit court's refusal to admit the evidence would have been a breach of discretion and reversible error.