2022 IL App (1st) 211356-U

FIFTH DIVISION
Order filed: June 10, 2022

No. 1-21-1356

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| KAREEMAH ISRAEL CLARK and KAVON GRANT, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | |
| | ) | No. 18 M6 006565 |
| HEALTH CARE SERVICE CORPORATION d/b/a BLUE CROSS AND BLUE SHIELD OF ILLINOIS and LIBERTY INSURANCE COMPANY, | ) ) ) ) | |
| | ) | Honorable |
| | ) | Michael B. Barrett, |
| Defendants-Appellees. | ) | Judge, presiding. |

JUSTICE HOFFMAN delivered the judgment of the court.
Presiding Justice Delort and Justice Cunningham concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Appellants' failure to clearly articulate an argument on appeal or to support any argument with adequate citations to authority warrants dismissal of their appeal.

¶ 2    Appellants Kareemah Israel Clark and Kavon Grant appeal an order dismissing their action

against appellees Health Care Service Corporation d/b/a Blue Cross and Blue Shield of Illinois

("HCSC") and Liberty Insurance Company (Liberty). Because the appellants' brief does not comply with the requirements of Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020) and does not provide sufficient information for this court to conduct its review, we dismiss the appeal.

¶ 3    The underlying action began when the appellants, acting *pro se*, filed a complaint against HCSC alleging that HCSC had failed to pay medical expenses that Clark had incurred. The appellants soon thereafter amended the complaint to add Liberty as a defendant. These first complaints lacked specific allegations beyond a general claim of unpaid medical bills. As a result, on HCSC's motion, the circuit court dismissed the amended complaint with leave to amend.

¶ 4    The appellants filed a second amended complaint containing more specific allegations. HCSC moved to dismiss that complaint as well, this time asserting that the appellants had failed to exhaust their administrative remedies, namely an appeal to HCSC followed by a State Fair Hearing Appeal. HCSC contended that the circuit court lacked jurisdiction as a result. The circuit court apparently agreed with HCSC and dismissed the second amended complaint. At the same time, the court also granted a separate motion to dismiss filed by Liberty and dismissed with prejudice any claims against Liberty.

¶ 5    The appellants then filed a third amended complaint. As before, HCSC filed a motion to dismiss alleging a lack of jurisdiction due to the appellants' failure to exhaust their administrative remedies. The appellants eventually supplemented the complaint with additional exhibits. Following a hearing, the circuit court issued a final order granting HCSC's motion to dismiss and dismissing the third amended complaint. This appeal follows.

¶ 6    The appellants' brief on appeal fails to comply with the requirements of Rule 341 and, as a consequence, does not allow for meaningful appellate review. Although the appellants in this

case are acting *pro se*, compliance with Rule 341 is mandatory, and "[t]he fact that a party appears *pro se* does not relieve that party from complying as nearly as possible to the Illinois Supreme Court Rules for practice before this court." *Voris v. Voris*, 2011 IL App (1st) 103814, ¶ 8 (citing *Peeples v. Village of Johnsburg*, 403 Ill. App. 3d 333, 335 (2010)).

¶ 7      There are several deficiencies in the appellants' brief. First, the brief does not contain a statement of the issues as required by Rule 341(h)(3), which leaves it unclear which particular issues they would like this court to address. Second, the brief does not comply with the requirement imposed by Rule 341(h)(6) that the statement of the facts contain "appropriate reference to the pages of the record on appeal." Indeed, there do not appear to be any such page references in the appellants' statement of the facts. Third, and more significantly, the brief does not present a clear legal argument as to the claimed grounds for reversal, and it provides only a single citation to supporting authority. Rule 341(h)(7) states that the argument section "shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." "A point not argued or supported by citation to relevant authority fails to satisfy the requirements" of Rule 341(h)(7), and such a failure to comply with the rule results in the forfeiture of the issue on appeal. *Toushin v. Ruggiero*, 2021 IL App (1st) 192171, ¶ 73.

¶ 8      In this case, it is unclear on what grounds the appellants believe the circuit court's order dismissing their complaint should be reversed. Further, even if we were to decipher such grounds, the appellants have provided scant legal authority supporting their argument, leaving this court to perform that work for them. That is a task we will not undertake. See *People v. Oglesby*, 2016 IL App (1st) 141477, ¶ 205 (" 'A reviewing court is entitled to have the issues clearly defined with pertinent authority cited and is not simply a depository into which the appealing party may dump

the burden of argument and research.' " (quoting *People v. Hood*, 210 Ill. App. 3d 743, 746 (1991))). Rather, the failure to provide a clear argument or to cite supporting authority results in the forfeiture of the issue on appeal. See *id.*

¶ 9       Accordingly, because the appellants' failure to articulate an argument and to provide supporting authorities prevents this court from properly conducting appellate review, we dismiss the appeal. See *Voris*, 2011 IL App (1st) 103814, ¶ 8 (noting that the failure to comply with Rule 341(h) may result in dismissal of an appeal).

¶ 10      Appeal dismissed.