2024 IL App (1st) 232474-U

No. 1-23-2474

Order filed November 1, 2024

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| RELATED MANAGEMENT COMPANY, L.P., as agent for ROOSEVELT SQUARE I LP, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 23 M 1711148 |
| DENISE BLAKE, SHATERA BLAKE, SHATAVIA BLAKE, SHANEL WILLIAMS, JARVUS DAVIS, JAVARUS DAVIS, and UNKNOWN OCCUPANTS, | ) ) ) ) ) | |
| Defendants | ) ) | Honorable Theresa Marie Smith Conyers, |
| (Denise Blake, Defendant-Appellant). | ) | Judge, presiding. |

_____

JUSTICE GAMRATH delivered the judgment of the court.
Presiding Justice Tailor and Justice C.A. Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We affirm the trial court's eviction order where the record on appeal is insufficient for our review.

¶ 2    Defendant Denise Blake appeals from the eviction order entered in favor of plaintiff Related Management Company, L.P., as agent for Roosevelt Square I LP.[1] On appeal, Blake contends she was denied a fair trial based on the testimony of certain witnesses and on video evidence not shown at trial. Because Blake has failed to submit a sufficient record on appeal for this court to review the issues presented, we affirm.

¶ 3    The record on appeal consists of one volume of the common law record and does not contain a report of proceedings or any substitute. The following facts are derived from the common law record.

¶ 4    On July 31, 2023, plaintiff filed an eviction complaint against defendant Denise Blake, and her adult children/household members Shatera Blake, Shatavia Blake, Shanel Williams, Jarvus Davis, Javarus Davis, and Unknown Occupants, seeking possession of an apartment located on the 1100 block of West Washburne Avenue in Chicago (apartment). The complaint incorporated, *inter alia*, the notice of termination of tenancy (notice of termination), the lease agreement signed by Denise Blake, and a certificate of service for household resident Javarus Davis served on June 4, 2023. The notice of termination indicates that Blake's lease was terminated due to violations of the lease agreement. The violations include Blake's son Jarvus Davis possessing "a gun at the property" and being "involved in a shooting at the property" that caused damage.

¶ 5    On December 6, 2023, the trial court entered an eviction order awarding possession of the apartment to plaintiff. The order reflects that it was entered "[a]fter [a] contested hearing or trial," and indicates that plaintiff, plaintiff's attorney, "[d]efendants," and plaintiff's witness were

---

[1] Appellant's brief caption incorrectly reverses the parties on appeal.

present. Denise Blake is the only defendant who filed a notice of appeal, and the only party to file an appellate brief.

¶ 6    On appeal, Blake argues she was denied a fair trial due to witness testimony regarding service of the notice of termination and apartment renovations. Blake says plaintiff's witness, Lieutenant Jeter, testified he served Jarvus Davis, instead of Jarvarus Davis, with the notice of termination on June 4, 2023.  Blake also asserts that a video of the shooting exists that would show Jarvus was a victim, but the video was not played at trial. Blake seeks reversal of the eviction order awarding possession of the apartment to plaintiff.

¶ 7    As an initial matter, our review of Blake's appeal is hindered by her failure to comply with Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020), which "governs the form and content of appellate briefs." *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12. Rule 341(h)(6) provides that an appellant's brief shall contain a statement of "the facts necessary to an understanding of the case *** without argument or comment, and with appropriate reference to the pages of the record on appeal." Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020). Under Rule 341(h)(7), the argument section "shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). Although Blake is self-represented, "parties choosing to represent themselves without a lawyer must comply with the same rules and are held to the same standards as licensed attorneys." *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78. Among the deficiencies under Rule 341(h), Blake's brief fails to cite to the record and any legal authority, lacks an argument section, and improperly includes argument and comment in the statement of facts. See Ill. S. Ct. R. 341(h)(6), (7) (eff. Oct. 1, 2020); *People v. Hood*, 210 Ill. App. 3d 743, 746 (1991) ("A reviewing court is

entitled to have the issues clearly defined with pertinent authority cited and is not simply a depository into which the appealing party may dump the burden of argument and research.").

¶ 8     Considering these deficiencies, it would be within our discretion to strike Blake's brief or dismiss her appeal for noncompliance with supreme court rules, but we decline to do so. See *Epstein v. Davis,* 2017 IL App (1st) 170605, ¶ 22. This said, the deficiencies in the brief coupled with a deficient record prevent us from reversing the trial court's decision.

¶ 9     Blake appeals from the eviction order entered after a "contested" bench trial at which the trial court heard testimony and considered evidence. The record on appeal, however, lacks a report of proceedings, bystander's report, transcript, or any appropriate substitute. Ill. S. Ct. R. 323 (eff. July 1, 2017). "From the very nature of an appeal it is evident that the court of review must have before it the record to review in order to determine whether there was the error claimed by the appellant." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984).

¶ 10     As the appellant, it is Blake's burden to provide this court with a sufficiently complete record on appeal and any doubt arising from the incompleteness of the record is resolved against her. *Id.* at 391-92. Absent a complete record on appeal, "it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Id.*

¶ 11     In this case, without a report of proceedings from the trial or acceptable substitute, this court cannot review the challenged testimony of the witnesses, arguments, if any, regarding the admission or exclusion of evidence, and any other evidentiary and trial issue. We also cannot review any arguments made by the parties or any reasons given by the trial court for its ruling. We cannot simply accept Blake's argument in her brief that Lieutenant Jeter testified he served Jarvus instead of Jarvarus, where the certificate of service shows clearly that Jarvarus, not Jarvus, was

served on June 4, 2023. Nor can we accept Blake's argument that playing the shooting video would have made a difference since there is nothing in the record to show she offered the video into evidence. Based on the incompleteness of the record, we must presume that the trial court acted in accordance with the law and had a sufficient factual basis for its ruling. *Id.*

¶ 12     For these reasons, we affirm the judgment of the circuit court of Cook County.

¶ 13     Affirmed.