2019 IL App (1st) 190091-U

No. 1-19-0091

December 9, 2019

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| CHAUDHRY RAZA, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 16 D 568 |
| | ) | |
| KHALIDA SABRI, | ) | Honorable |
| | ) | David E. Haracz, |
| Respondent-Appellant. | ) | Judge, presiding. |

JUSTICE WALKER delivered the judgment of the court.
Justices Hyman and Pierce concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm the trial court's judgment where appellant's brief is insufficient to ascertain claims and to support claims of error on appeal.

¶ 2    Respondent Khalida Sabri appeals *pro se* from the trial court's order granting the dissolution of her marriage to petitioner Chaudhry Raza. On appeal, respondent contends that petitioner initiated the divorce as part of an immigration scheme to obtain a visa for his second

wife and that the dissolution case should be "dismissed" so that the divorce can be settled pursuant to Islamic law in Pakistan. We affirm.

¶ 3    The record on appeal does not contain a report of the trial court proceedings. However, the following facts can be gleaned from the limited record on appeal, which includes the petition for dissolution of marriage, the judgment for dissolution of marriage, and the allocation of parental responsibilities and parenting plan.

¶ 4    In January 2016, petitioner filed a petition for dissolution of marriage from respondent. The petition alleged that the parties, who were residents of Illinois, married in August 1997 in Pakistan, separated in October 2015, and had two minor children.

¶ 5    On December 17, 2018, the trial court entered a judgment for dissolution of marriage following a hearing during which petitioner and respondent testified. The trial court's order indicates that it also heard the testimony of respondent's "several witnesses." The trial court found that irreconcilable differences caused the irretrievable breakdown of the marriage, efforts at reconciliation had failed, and future attempts at reconciliation would be impracticable and not in the family's best interests. The court also found that respondent's *pro se* oral motion to dismiss the petition based upon the failure of petitioner to prove grounds was without legal basis as the parties had been separated for several years and suffered irreconcilable differences. The court entered a separate judgment for the allocation of parental responsibilities and parenting plan.

¶ 6    On January 9, 2019, respondent filed a *pro se* notice of appeal from the judgment for dissolution of marriage. On October 2, 2019, this court entered an order taking the case on respondent's brief only. See *First Capitol Mortgage Corp. v. Talandis*, *Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 7    On appeal, respondent contends that the divorce was a scheme by petitioner so that he can obtain a visa for his second wife and that the case should be dismissed because the marriage took place in Pakistan, and consequently, the divorce should be settled there pursuant to Islamic law.

¶ 8    As a preliminary matter, we note that our review of respondent's appeal is hindered by her failure to fully comply with Supreme Court Rule 341 (eff. May 25, 2018), which "governs the form and content of appellate briefs." *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12. Although respondent is a *pro se* litigant, this status does not lessen her burden on appeal. "In Illinois, parties choosing to represent themselves without a lawyer must comply with the same rules and are held to the same standards as licensed attorneys." *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78. Supreme Court Rule 341(h) provides that an appellant's brief should contain a statement of "the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment," and an argument "which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(6), (7) (eff. May 25, 2018). Pursuant to the rule, a reviewing court is entitled to have issues clearly defined with "cohesive arguments" presented and pertinent authority cited. *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993).

¶ 9    Although respondent used in part a form approved by the Illinois Supreme Court when filing her brief, she has failed to articulate a legal argument which would allow a meaningful review of her claims, and provides no citations to the record. An appellant is required to cite to the pages and volumes of the record on appeal upon which she relies "so that we are able to assess whether the facts which [the appellant] presents are accurate and a fair portrayal of the events in this case." *In re Marriage of Hluska*, 2011 IL App (1st) 092636, ¶ 58; see also Ill. S. Ct. R.

341(h)(7) (eff. May 25, 2018). Here, respondent's brief is a narrative of the case from her perspective. Moreover, respondent cites no legal authority to support her arguments on appeal. See *People v. Hood*, 210 Ill. App. 3d 743, 746 (1991) ("A reviewing court is entitled to have the issues clearly defined with pertinent authority cited and is not simply a depository into which the appealing party may dump the burden of argument and research."). "Arguments that do not comply with Rule 341(h)(7) do not merit consideration on appeal and may be rejected by this court for that reason alone." *Wells Fargo Bank, N.A. v. Sanders*, 2015 IL App (1st) 141272, ¶ 43.

¶ 10    Considering the content of respondent's brief, it would be within our discretion to dismiss the instant appeal. See *Epstein v. Galuska*, 362 Ill. App. 3d 36, 42 (2005) ("Where an appellant's brief fails to comply with supreme court rules, this court has the inherent authority to dismiss the appeal."). However, because the issues in this case are simple and respondent made an effort to present her appeal by use of the approved form brief, we choose not to dismiss the appeal on that ground. See *Harvey v. Carponelli*, 117 Ill. App. 3d 448, 451 (1983).

¶ 11    The deficiencies in the record prevent us from reaching the merits of this appeal. On appeal, the appellant has the burden to provide a complete record to support a claim of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). If no record is provided, "it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Id.* at 392.

¶ 12    Here, although respondent contends that five witnesses testified to the "truth" and "facts" at the hearing on the petition for dissolution of marriage, the record does not contain a report of proceedings or an acceptable substitute such as a bystander's report or agreed statement of facts pursuant to Supreme Court Rule 323. See Ill. S. Ct. R. 323(a), (c), (d) (eff. July 1, 2017). Without a report of proceedings or an acceptable substitute, we are unable to determine what testimony and

evidence was presented at the hearing on the petition for dissolution of marriage. Under these circumstances, we must presume that the court acted in conformity with the law and ruled properly after considering the evidence. *Corral v. Mervis Industries*, *Inc.*, 217 Ill. 2d 144, 156-57 (2005). In the absence of a report of proceedings or other record, we have no basis for disturbing the trial court's judgment. *Foutch*, 99 Ill. 2d at 391-92.

¶ 13   For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 14   Affirmed.