2021 IL App (1st) 200232-U

No. 1-20-0232

Order filed August 25, 2021

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| KEVIN L. GREEN, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 19 CH 5827 |
| | ) | |
| SECRETARY OF STATE, | ) | Honorable |
| | ) | Michael T. Mullen, |
| Defendant-Appellee. | ) | Judge, presiding. |

JUSTICE ELLIS delivered the judgment of the court.
Presiding Justice Howse and Justice McBride concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We affirm the denial of plaintiff's *pro se* petition for recission of an order imposing a lifetime disqualification from holding a commercial driver's license when his brief is insufficient to ascertain his claims and he fails to identify any errors of fact or law in the challenged administrative decision.

¶ 2    Plaintiff Kevin L. Green appeals *pro se* from an order of the circuit court affirming an order

of defendant, the Secretary of State (Secretary), denying his *pro se* petition for recission of his

lifetime disqualification from holding a commercial driver's license (CDL). On appeal, plaintiff

argues that his underlying arrest for driving under the influence (DUI) and refusing to submit to a chemical test, which resulted in his lifetime disqualification, should have been governed by "Federal Motor Council laws," rather than "local city law." We affirm.

¶ 3    The following facts are derived from the common-law record, which includes the administrative record filed by the Secretary in the circuit court proceeding.

¶ 4    Defendant's certified driving abstract shows that he was arrested in November 2001 for DUI and was subject to a statutory summary suspension for failure or refusal to take an alcohol or drug test.

¶ 5    On April 12, 2013, Plaintiff refused to take a chemical test for alcohol when asked by an officer in North Dakota. He was arrested for DUI and for refusing to take an implied consent test for alcohol. North Dakota reported the refusal to the Secretary. Pursuant to section 6-514 of the Uniform Commercial Driver's License Act (625 ILCS 5/6-514 (West 2014)), the Secretary then issued an order imposing a life-time disqualification of Plaintiff's CDL for a second violation of the statute. That disqualification was imposed on November 4, 2015.

¶ 6    On January 10, 2019, plaintiff filed a request for a hearing to contest the disqualification. (The record provides no explanation for the more than 3-year delay between the entry of the disqualification order in November 2015 and plaintiff's request for hearing in January 2019.)

¶ 7    At the April 2019 hearing, plaintiff appeared *pro se*, and the Secretary appeared through counsel.

¶ 8    Plaintiff testified that, on April 12, 2013, he was hauling a load of steel in a commercial truck from Michigan to Fargo, North Dakota. On that evening, he was using his truck essentially as a bedroom on wheels. That is, the truck was out of fuel and inoperative due to a mechanical

problem, and in any event, plaintiff had driven all of the hours he was permitted to drive in one sitting and was required to take hours off. (He referred to it as being "off duty" or "out of hours.") So while he had been drinking, he was not drinking and *driving*; he was drinking and preparing to go to sleep in the back "sleeper" compartment. And he could think of no reason why he should be required to submit to a chemical test under those circumstances. He testified, in fact, that he was arrested by a local officer who did not understand trucking (as opposed to a state patrol officer, who would). Plaintiff testified that he explained all of this in court and was exonerated.

¶ 9    The record shows two different criminal cases involving plaintiff in North Dakota during the year 2013. For one of them—Case No. 2013 CR 1516—defendant was found not guilty of DUI on April 1, 2014, with a certified judgment order of acquittal dated April 7, 2014.

¶ 10    But the second case—Case No. 2013 CR 1425—was the prosecution spawned by the arrest on April 12, 2013 for DUI and failure to take a chemical test, which led to the report issued to the Secretary. And the record contains no evidence of the disposition of *that* case.

¶ 11    In his recommended decision, the hearing officer noted this discrepancy. The April 12, 2013 arrest at issue here was the subject of Case No. 2013 CR 1425, which charged plaintiff with DUI at a Petro Gas Station in Fargo, North Dakota, while operating a "2013 white Volvo non-commercial motor vehicle." That, of course, stood in marked contrast to plaintiff's testimony about operating a commercial truck that had become disabled. Thus, whatever the veracity of plaintiff's account, he was not talking about the criminal case at issue. Plaintiff thus provided no evidence that he did not commit the offenses of DUI or, at a minimum, failure to take a chemical test—either of which, independently, would warrant the lifetime disqualification.

¶ 12    On May 1, 2019, the Secretary adopted the hearing officer's findings of fact, conclusions of law, and recommendation. The Secretary therefore denied the petition for recission of the order imposing a lifetime disqualification.

¶ 13    On May 9, 2019, plaintiff filed a *pro se* petition for administrative review in the circuit court, alleging that he "did not refuse to test twice." Plaintiff alleged that on April 12, 2013, he was under "Fed law" because he was pulling a trailer with a Mack tractor. When he pulled into a truck stop, he was close to the 70-hour "rule" and was required to have 34 hours off. He concluded that because he was on a "break," police officers should not have approached him to test until he was "ready to leave." Plaintiff told the officer he was "off duty" and did not have control of the vehicle. Attached to the brief were maps, certain Google search results, and North Dakota statutes.

¶ 14    The Secretary's response noted that, although plaintiff argued he was justified in refusing an alcohol test because he was not driving, plaintiff was required, as part of holding a CDL, to submit to chemical tests at the direction of law enforcement. See 625 ILCS 5/6-516 (West 2012). Moreover, although his refusal gave rise to a criminal charge under North Dakota law, it was the refusal *itself* that was relevant in the case at hand. See 625 ILCS 5/6-514(a) (West 2012).

¶ 15    The circuit court affirmed the final order of the Secretary denying plaintiff's petition for recission. Plaintiff filed a timely *pro se* notice of appeal.

¶ 16    As a preliminary matter, we note that our review of plaintiff's appeal is hindered by his failure to fully comply with Illinois Supreme Court Rule 341 (eff. May 25, 2018), which "governs the form and content of appellate briefs." *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12. Although plaintiff is a *pro se* litigant, this status does not lessen his burden on appeal. "In Illinois, parties choosing to represent themselves without a lawyer must comply with the same rules and

are held to the same standards as licensed attorneys." *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78. Rule 341(h) provides that an appellant's brief should contain a statement of "the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment," and an argument "which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(6), (7) (eff. May 25, 2018). Pursuant to the rule, a reviewing court is entitled to have issues clearly defined with "cohesive arguments" presented and pertinent authority cited. *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993).

¶ 17    Here, though plaintiff used a form approved by the Illinois Supreme Court when filing his brief, he provides no citations to the record and has failed to articulate a legal argument that would allow a meaningful review of his claims. An appellant is required to cite to the pages and volumes of the record on appeal upon which he relies "so that we are able to assess whether the facts [which the appellant] presents are accurate and a fair portrayal of the events in this case." *In re Marriage of Hluska*, 2011 IL App (1st) 092636, ¶ 58; see also Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018).

¶ 18    The fact section of plaintiff's brief is a narrative of the case from his perspective and cites no pertinent legal authority to support his arguments on appeal. See *People v. Hood*, 210 Ill. App. 3d 743, 746 (1991) ("A reviewing court is entitled to have the issues clearly defined with pertinent authority cited and is not simply a depository into which the appealing party may dump the burden of argument and research."). "Arguments that do not comply with Rule 341(h)(7) do not merit consideration on appeal and may be rejected by this court for that reason alone." *Wells Fargo Bank, N.A. v. Sanders*, 2015 IL App (1st) 141272, ¶ 43.

¶ 19    Considering the content of plaintiff's brief, we would be within our discretion to dismiss this appeal. See *Epstein v. Galuska*, 362 Ill. App. 3d 36, 42 (2005) ("Where an appellant's brief fails to comply with supreme court rules, this court has the inherent authority to dismiss the appeal."). However, because the merits of this case can be ascertained from the record, and we have the benefit of a cogent appellee's brief, we choose to consider the discernible merits of the appeal. See *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001).

¶ 20    In administrative review cases, we review the decision of the administrative agency, not the decision of the circuit court. *Exelon Corp. v. Department of Revenue*, 234 Ill. 2d 266, 272, (2009). The applicable standard of review depends on whether the issue is one of fact, of law, or a mixed question of fact and law. *Cinkus v. Village of Stickney Municipal Officers Electoral Board*, 228 Ill. 2d 200, 210 (2008).

¶ 21    An agency's findings and conclusions on questions of fact are held to be *prima facie* true and correct. *Board of Education of the City of Chicago v. Illinois Educational Labor Relations Board*, 2015 IL 118043, ¶ 15. When reviewing an agency's factual findings, we do not reweigh the evidence or substitute our judgment for that of the agency; rather, we determine whether the factual findings are against the manifest weight of the evidence. *Id*. An agency's finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident. *Windsor Clothing Store v. Castro*, 2015 IL App (1st) 142999, ¶ 26. An agency's conclusion on a question of law is reviewed *de novo*. *Board of Education of the City of Chicago*, 2015 IL 118043, ¶ 15.

¶ 22    An agency's determination on mixed questions of law and fact are reversible if they are clearly erroneous. *Id.* Clear error occurs when a reviewing court is left with the definite and firm conviction that a mistake was made. *Id.*

¶ 23    Here, plaintiff argues that "Federal Motor Council laws" applied to his North Dakota arrest rather than "local city law" and characterizes the ticket for "refusing to test" as "insane." He does not, however, identify any errors relating to the final order entered by the Secretary and has thus forfeited any such arguments. See Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018) (points not argued are forfeited). Even if we were to assume that plaintiff is talking about the correct incident involving his operation of a non-commercial vehicle, and not the other DUI case involving his commercial truck, it remains that the refusal to submit to an officer's request for a chemical test— "insane" though plaintiff may find it—is a statutory basis for revocation of a CDL license under Illinois law. See 625 ILCS 5/6-514(a) (West 2012).

¶ 24    We can discern nothing more from plaintiff's argument. See *Hood*, 210 Ill. App. 3d at 746 (this court "is entitled to have the issues clearly defined with pertinent authority cited"). We have no basis to find that the Secretary clearly erred in his decision.

¶ 25    We thus affirm the circuit court's order that affirmed the Secretary's decision.

¶ 26    Affirmed.